UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **SANDY PENNINGTON,** | : | **CASE NO. 1:13-cv-00826** |
| **Plaintiff,** | : | |
| | : | **(Judge Weber)** |
| vs. | : | |
| | : | |
| **CALLOS MANAGEMENT CO., INC.,** | : | |
| **ET AL.,** | : | **AGREED PROTECTIVE ORDER** |
| | : | |
| **Defendants.** | : | |
| | : | |

WHEREAS, pursuant to Federal Rule of Civil Procedure 26(c) and the agreement of counsel, the Court recognizes the legitimate interests of the parties (and subpoenaed non-parties) in the above-captioned action in the confidentiality and security of certain business, medical, and personal information, including electronically stored information, as well as the requirements of the Health Insurance Portability and Accountability Act ("HIPAA") and hereby GRANTS the Agreed Proected Order concerning the confidentiality of certain documents and information;

IT IS HEREBY ORDERED as follows:

1. All documents or information produced by either party marked and/or designated "CONFIDENTIAL" are considered "CONFIDENTIAL" and shall be subject to this Agreed Protective Order. Within 30 days of a party's receipt of a document marked "CONFIDENTIAL," the receiving party will have the right to challenge the confidentiality designation. Any disputes regarding the confidentiality of documents will be resolved first by the Parties through informal discussions, then, if that is not successful, by the Court.

2. Any and all documents or information produced pursuant to this Agreed Protective Order shall be treated as strictly confidential material and shall not be used for any purpose other

than preparation and presentation of each party's case, under the terms and conditions set forth in this Agreed Protective Order, and shall not be used in any lawsuit, claim, or cause of action other than this Southern District of Ohio Case No. 1:13CV826.

3. Confidential Information shall not be used or disclosed directly or indirectly by the person receiving such Confidential Information to persons other than:

**(a) The Court or persons employed by the Court and stenographers transcribing the testimony or argument at a hearing, trial or deposition in this action;**

**(b) Counsel for any party to this action and regular employees of such counsel to the extent necessary to assist counsel in the preparation of this litigation;**

**(c) Experts and witnesses consulted by such counsel in connection with this proceeding to the extent necessary to assist counsel in the preparation of this litigation; or**

**(d) Any witness or party.**

4. Individuals set forth in paragraph 3(c) and (d) to whom such confidential documents or information are shown, furnished, or otherwise disclosed shall be first made aware of this Agreed Protective Order and shall be subject to its terms.

5. All confidential documents or information received by either party's counsel of record, shall not be delivered or disclosed, specifically or in substance, to anyone other than the individuals set forth in paragraph 3 of this Order.

6. All confidential documents produced pursuant to this Agreed Protective Order shall be stamped as "CONFIDENTIAL."

7. Nothing in this Stipulation shall be construed as a restriction on the use or disclosure of its own information by the party producing or supplying the information.

8. Nothing herein shall constitute a waiver of any claim of privilege, including HIPAA, or other protection from discovery.

9. The inadvertent production of any document or other information during discovery in this action and any appellate proceedings in this action shall be without prejudice to any claim that such material is privileged under the attorney-client or other privilege, or protected from discovery as work product, or that such document is irrelevant to any claims raised in this action or is otherwise not subject to production. Such inadvertent disclosure of a privileged document shall not be deemed a waiver of any privilege with respect to that document or information or other documents or information involving similar subject matter. Further, the parties covenant and agree not to allege or argue that any waiver of any privilege occurred on the basis of the inadvertent production of any such document or information contained therein.

10. Within twenty-one (21) days of the settlement, final adjudication or other final resolution of this Southern District of Ohio Case No. 1:13CV826, whichever occurs later, any and all confidential documents, and any copies or reproductions thereof, that may be produced by either party and then in the possession of individuals other than the Court shall be returned to the party who produced such documents or destroyed with written confirmation of the destruction.

11. If documents or information designated as Confidential is sought to be filed with the Court, or otherwise used or introduced at a hearing or trial of this action, counsel for the party seeking to use or introduce such Confidential materials shall so advise the Court and request that the Court take such steps as it deems appropriate to protect the confidentiality of the documents

or information. Per the authority of *Proctor & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996), no document may be filed with the Court under seal without prior permission as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal. This Protective Order does not authorize filing under seal.

12. If any confidential documents or information subject to this Agreed Protective Order are used in any Court or Arbitration proceeding herein, such documents or information shall not lose its confidential or proprietary status through such use. The parties shall take all steps reasonably required to protect the confidentiality of such documents or information during such use, including, but not limited to, advising the Court and requesting that the Court take such steps as it deems appropriate to protect the confidentiality of the documents or information.

13. Nothing in this Agreed Protective Order shall be deemed to limit in any way the extent to which counsel for the parties may advise or represent their respective clients, conduct discovery, prepare for trial, present proof at trial, file any pleading, respond to any pleading, reply to any pleading, oppose the production or admissibility of any information or documents by means of objection, claim of privilege or otherwise. Defendants agree to waive every objection to the timeliness of Plaintiff's activities in this litigation to the extent necessary for Plaintiff to endeavor to comply with this agreement without suffering prejudice of any type or degree.

14. The terms of this Agreed Protective Order shall continue unless and until modified and/or terminated by further order of this Court or written agreement of the parties.

15. Violation by any person of any provision of this Agreed Protective Order shall be punishable as contempt of court. Further, the parties may pursue any and all civil remedies available to it for breach of the terms of this Agreed Protective Order.

ENTERED this /2_th day of August, 2014.

_____
Judge Herman J. Weber

Respectfully submitted,

/s/ Tod J. Thompson (per email authorization on 8/4/14)
Tod J. Thompson [0076446]
*Attorney for Plaintiff*
6900 Silverton Avenue, Ste. 4
Cincinnati, OH 45236
Phone: 513-322-4348
Fax:    513-322-4263
E-mail: tod@tthompsonlaw.com

/s/ Kent Wellington
Kent Wellington [0055440]
Nick Ziepfel [0086584]
*Attorneys for Defendant Callos Management Co., Inc.*
GRAYDON HEAD & RITCHEY LLP
1900 Fifth Third Center
511 Walnut Street
Cincinnati, OH  45202-3157
Phone: 513-629-2812
Fax:    513-333-4387
E-mail: kwellington@graydon.com
        nziepfel@graydon.com

/s/ John J. Williams  (per telephone authorization on 8/8/14)
John J. Williams [0041466]
*Attorney for Engineered Packaging Systems, Inc.*
Minnillo & Jenkins
2712 Observatory Avenue
Cincinnati, OH 45208
Phone:  513-723-1600
Fax:    513-723-1620
E-mail: jjwilliams@minnillojenkins.com

5